UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELAINE MATTHEWS                                                                   PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:13CV-1159-S

KENNETH HAROLD GOFF II *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Elaine Matthews filed the instant *pro se* action. She filed an application to proceed without prepayment of fees. **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 4) is **GRANTED**. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth herein, the action will be dismissed.

**I.**

Plaintiff filed this action against Kenneth Harold Goff II and Shan F. Embry, two state-court judges in Meade County, Kentucky, and Steven R. Crebessa, a Meade County prosecutor, concerning their actions in an on-going criminal action against her. Plaintiff states that on October 30, 2013, she was arrested for criminal trespassing. She alleges that Defendant Goff unfairly conditioned her release on her agreement not to return to Meade County except for court appearances. She states that this is a violation of the First, Eighth, and Fourteenth Amendments. As relief, she seeks injunctive relief and $1 million in damages against each Defendant.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must

dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff does not state in what capacity she sues Defendants.  However, to the extent she sues Defendants in their individual capacities, her claims are barred.  Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).  Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors.  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Therefore, Plaintiff's claims against Defendants Goff and Embry in their individual capacities fail to state a claim upon which relief may be granted and will be dismissed.

Additionally, to the extent Plaintiff is suing Defendant Crebessa in his individual capacity, her claim against him is also barred. A prosecutorial defendant acting in his role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Plaintiff's claim against Defendant Crebessa arises out of his role in prosecuting the criminal action against her, and he is entitled to absolute immunity for these actions. Therefore, Plaintiff's complaint against Defendant Crebessa in his individual capacity will also be dismissed for failure to state a claim.

To the extent Plaintiff sues Defendants in their official capacities, the claims would also fail. First, as state officials sued in their official capacities for damages, Defendants are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). Second, a state official sued in his official capacity for damages is not a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Consequently, Plaintiff's official-capacity claims against Defendants for damages are subject to dismissal for seeking monetary relief from a defendant immune from such relief and for failure to state a claim.

Plaintiff's claims against Defendants in their official capacities for injunctive relief must also be dismissed. The Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971), that

3

"a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*, 401 U.S. at 44). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

The state has an important interest in adjudicating the criminal action. In light of the available avenues through which to raise a constitutional challenge in a pending case, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect her interests at this time.

### III.

For the foregoing reasons, a separate Order of dismissal will be entered consistent with this Memorandum Opinion and Order.

Date: December 4, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.010