# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

ELAINE MATTHEWS                                                   PLAINTIFF

v.                                         CIVIL ACTION NO. 3:13CV-1159-S

KENNETH HAROLD GOFF II *et al.*                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Elaine Matthews brought this *pro se* action against two state court judges, Kenneth Harold Goff II and Shan Embry, and a county prosecutor, Steven R. Crebessa, concerning their actions in a criminal action against her. Because Plaintiff was proceeding *in forma pauperis*, the Court was required to review the complaint under 28 U.S.C. § 1915(e) prior to service. On December 5, 2013, the Court dismissed the action on grounds that any claims against Defendants in their individual capacities were barred by judicial and prosecutorial immunity. The Court also held that any claims against Defendants in their official capacities for damages were barred by the Eleventh Amendment and the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff filed a motion for reconsideration (DN 11). She states that she no longer wishes to sue Defendant Crebessa and seeks to sue only Defendants state-court judges Goff and Embry in their individual capacities. She concedes that judicial immunity bars a claim for monetary damages but contends that her claim for injunctive relief is not barred. Her injunctive-relief claim stems from her allegation that Defendant Goff unfairly conditioned her release from jail on her agreement not to return to Meade County except for court appearances, which she claims was upheld by Defendant Embry.

Subsequent to the motion for reconsideration (DN 15), Plaintiff filed a "notice" in which she states that "this matter can be totally terminated for plaintiff withdraws her requests for

injunctive relief against the two judge defendants since moot." Plaintiff explains that she determined that it was in her best interests to agree that she will not enter Meade County to protest in exchange for having the charges against her dropped and any record of the charges expunged. She attaches an Agreed Order entered in the Meade County District Court and signed by her which states that she "agrees that she will not enter Meade County to protest and will not protest in Meade County, but shall be allowed to enter Meade County for civil court appearances and for actions related to civil court proceedings." Plaintiff states that based on the Agreed Order, "[t]his action is now entirely dead, done, over with; there is no longer anything to override as to Goff's condition."

Plaintiff goes on to question why Defendants allowed her to enter into the agreement when the Commonwealth had previously requested a hearing to evaluate her competency to represent herself. However, she attaches another motion she filed in the Meade County District Court in which she takes great offense and vehemently argues that she is indeed competent to represent herself. As Plaintiff has expressed a logical and reasoned basis in the instant motion for entering into the Agreed Order, the Court will not question her competency to do so.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to withdraw her request for injunctive relief (DN 15) is **GRANTED**. **IT IS FURTHER ORDERED** that the motion for reconsideration (DN 11) is **DENIED as moot**.

Date: March 13, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.010